DIANE C. WEIL (State Bar No. 102922)
*dcw@dcweillaw.com*
16000 Ventura Blvd., Suite 1000
Encino, California 91436
Telephone: (818) 788-8079

Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>MICHAEL ROMERSA,<br><br>Debtor. | Case No. 1:14-bk-11917-VK<br><br>Chapter 7<br><br>**MOTION FOR APPROVAL OF SETTLEMENT BETWEEN CHAPTER 7 TRUSTEE AND ROSEN SABA, LLP; AND MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF DIANE C. WEIL, AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**<br><br>[No hearing required] |

Diane C. Weil, chapter 7 trustee (the "Trustee") for the estate of Michael Romersa (the "Debtor"), hereby moves for an order approving her proposed settlement with Rosen Saba, LLP ("Rosen Saba"), the terms of which are memorialized in the Settlement Agreement attached as Exhibit "1" hereto.

This motion is made on the following grounds: On April 11, 2014 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition for relief. Among the assets of the estate is the Debtor's residence, located 22101 Cairnloch Street, Calabasas, California (the "Property"), title to which is held by the Debtor and his non-debtor spouse as joint tenants. Based on, among other things, the Debtor's schedules, his testimony at the § 341(a) hearing, and information provided to the Trustee

by a real estate agent, the Trustee intends to retain real estate brokers to assist her in marketing and selling the Property.

To facilitate the sale and maximize the value of the Property to the estate, subject to Court approval, the Trustee has entered into the proposed Settlement Agreement. Without limiting the terms set forth therein, the terms of the settlement are as follows:

1. Within 30 days after the date on which the Court approves the Settlement Agreement (the "Approval Date"), the Trustee will file an application to employ a real estate broker to list the Property for sale. Subject to Court approval, the Trustee will sell the Property pursuant to 11 U.S.C. § 363 if the Trustee receives an offer for a sale of the Property consistent with the terms of the Settlement Agreement.

2. Contingent on satisfaction of paragraphs 3 and 4 below, Rosen Saba will agree to the subordination of its lien solely for the benefit of the estate and solely to the extent necessary for the Trustee to recover $75,000 as a minimum net recovery from the sale of the Property.

3. Rosen Saba's consent to a sale of the Property free and clear of its lien, and its consent to the subordination of its lien, is conditioned on its receipt of at least $100,000 from the net sale proceeds. Rosen Saba does not consent to a sale of the Property, and does not consent to subordination of its judgment lien, unless it receives at least $100,000 from the net sale proceeds.

4. The "net sale proceeds" will be distributed as follows:[1]

(a) the estate will receive the first $75,000;

(b) Rosen Saba will receive the next $100,000;

(c) Rosen Saba and the estate will divide equally all net sales proceeds thereafter until Rosen Saba's claim is paid in full; and

(d) the estate will receive all monies thereafter.

[1] "Net sales proceeds" is defined to mean the sale proceeds remaining after payment of senior liens, Janice Romersa's joint tenancy interest (if applicable), the Debtor's homestead exemption, and costs of sale.

This motion is based upon the Trustee's separate notice, this motion, the Memorandum of Points and Authorities, Declaration of Diane C. Weil and Request for Judicial Notice appended hereto, the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

DATED: October 2, 2014

Diane C. Weil
DIANE C. WEIL
Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A. PROCEDURAL BACKGROUND

On April 11, 2014 (the "Petition Date"), Michael Romersa (the "Debtor") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Code"). Diane C. Weil was appointed as the chapter 7 trustee (the "Trustee") of the Debtor's estate, and continues to serve in that capacity for the benefit of the estate and its creditors.

### B. THE DEBTOR'S RESIDENTIAL REAL PROPERTY

Assets of the Debtor's estate include the Debtor's residence, located at 22101 Cairnloch Street, Calabasas, California (the "Property"). Title to the Property is held by the Debtor and his non-debtor spouse, as joint tenants.

According to the Debtor's Schedule A filed on the Petition Date, the value of the Property as of the Petition Date was $1.08 million. However, at his 341(a) hearing, the Debtor testified that he paid $1.1 million for the Property about five years ago, and based on sales of other properties in the neighborhood he believes the Property is worth about $1.3 million. The Debtor further testified that real estate values in the neighborhood "have gone crazy" and houses have been selling for over asking price. Based on opinions of real estate agents consulted by the Trustee, the Property appears to be worth between $1.1 and $1.25 million.[2]

In his Schedule C filed on the Petition Date, the Debtor claimed a homestead exemption in the Property in the amount of $175,000.

---

[2] Notwithstanding the foregoing, the Debtor has filed a motion to avoid a judgment lien in favor of Rosen Saba, LLP. Based on an appraisal, the Debtor now claims that the value of the Property is $840,000.

**C.    LIENS AGAINST THE PROPERTY**

The Property appears to be encumbered by two liens.  The first is a consensual lien in favor of Champion Mortgage Company ("Champion").  According to a motion for relief from stay filed by Champion on September 30, 2014, its total claim as of September 30, 2014, was $456,555.65.

The second is a judgment lien in favor of Rosen Saba, LLP ("Rosen Saba").  According to documents attached to Rosen Saba's proof of claim, a judgment was entered in April 2012 in favor of Rosen Saba and against the Debtor in the principal amount of $110,000.  Rosen Saba asserts that, as of September 30, 2014, the amount owed under the judgment was $137,364.38.  Attached to Rosen Saba's proof of claim is a copy of an Abstract of Judgment recorded in May 2012.

**D.    THE TRUSTEE'S INTENT TO SELL THE PROPERTY FREE AND CLEAR OF LIENS, AND PROPOSED COMPROMISE WITH ROSEN SABA**

In light of the apparent value of the Property, the Trustee intends to retain a real estate broker to assist her in marketing and selling the Property free and clear of liens.  To facilitate the sale, and to ensure that the estate receives significant sale proceeds, the Trustee has negotiated a compromise with Rosen Saba pursuant to which, subject to certain conditions, Rosen Saba will consent to a sale of the Property free and clear of its judgment lien.  The terms of the compromise are set forth in the Settlement Agreement attached as Exhibit "1" hereto.  Without limiting the terms set forth therein, subject to Court approval, the terms of the proposed compromise are as follows:

1.    Within 30 days after the date on which the Court approves the Settlement Agreement (the "Approval Date"), the Trustee will file an application to employ a real estate broker to list the Property for sale.  Subject to Court approval, the Trustee will sell the Property pursuant to 11 U.S.C. § 363 if the Trustee receives an offer for a sale of the Property consistent with the terms of the Settlement Agreement.

2.    Contingent on satisfaction of paragraphs 3 and 4 below, Rosen Saba will agree to the subordination of its lien solely for the benefit of the estate and solely to the extent necessary for the Trustee to recover $75,000 as a minimum net recovery from the sale of the Property.

3. Rosen Saba's consent to a sale of the Property free and clear of its lien, and its consent to the subordination of its lien, is conditioned on its receipt of at least $100,000 from the net sale proceeds. Rosen Saba does not consent to a sale of the Property, and does not consent to subordination of its judgment lien, unless it receives at least $100,000 from the net sale proceeds.

4. The "net sale proceeds" will be distributed as follows:[3]

(a) the estate will receive the first $75,000;

(b) Rosen Saba will receive the next $100,000;

(c) Rosen Saba and the estate will divide equally all net sales proceeds thereafter until Rosen Saba's claim is paid in full; and

(d) the estate will receive all monies thereafter.

## II.

## ARGUMENT

### A. THE COURT IS AUTHORIZED TO APPROVE THE SETTLEMENT

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Federal Rule of Bankruptcy Procedure 9019. Rule 9019(a) provides,

> On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement.

The Supreme Court, in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), held that a bankruptcy court, in considering whether to approve a compromise, should inform itself regarding

> all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

---

[3] "Net sales proceeds" is defined to mean the sale proceeds remaining after payment of senior liens, Janice Romersa's joint tenancy interest (if applicable), the Debtor's homestead exemption, and costs of sale.

The Ninth Circuit has clarified the inquiry as follows:

> In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986).

A trustee or debtor-in-possession has the burden of persuading the Court that the compromise is fair and equitable and should be approved. *Id.* Although "the creditors' objections to a compromise must be afforded due deference, such objections are not controlling, and while the court must preserve the rights of the creditors, it must also weigh certain factors to determine whether the compromise is in the best interest of the bankrupt estate." *Id.* at 1382 (citations omitted).

The bankruptcy court has wide latitude and discretion in evaluating a proposed compromise because the judge is "uniquely situated to consider the equities and reasonableness." *United States v. Alaska National Bank* (*In re Walsh Construction, Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982). The Ninth Circuit has further stated:

> A compromise agreement allows the trustee and the creditor to avoid the expenses and burdens associated with litigating "sharply contested and dubious" claims. [Citation]. The bankruptcy court need not conduct an exhaustive investigation into the validity of the asserted claim. [Citation]. It is sufficient that, after apprising itself of all facts necessary for an intelligent and objective opinion concerning the claim's validity, the court determines that either (1) the claim has a "substantial foundation" and is not "clearly invalid as a matter of law," or (2) the outcome of the claim's litigation is "doubtful."

*Id.* at 1328. The court is not "to decide the numerous questions of law and fact raised by [objectors] but rather to canvass the issues and see whether the settlement '*falls below the lowest point in the range of reasonableness*.'" *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr.

S.D.N.Y. 1984) (*quoting In re W. T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (emphasis added), *cert. denied*, 464 U.S. 822, 104 S. Ct. 89 (1983)), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985).

### B. THE PROPOSED SETTLEMENT IS REASONABLE AND IN THE BEST INTEREST OF THE ESTATE

The Trustee's proposed settlement with Rosen Saba is in the best interests of the estate and its creditors because, if sufficient offers are received, it will allow the Trustee to sell the Property free and clear of liens and other interests, while ensuring that the estate will receive at least $75,000 of free and clear funds.[4] In addition, after payment of the first $100,000 of Rosen Saba's claim, the estate will be entitled to retain one half of the net sales proceeds up to the point that Rosen Saba's claim is paid in full. Without the settlement, the Trustee would be required to pay the full amount owed to Rosen Saba before retaining free and clear funds for the benefit of the estate.

## III.

## CONCLUSION

For the foregoing reasons, the Trustee requests that the Court authorize the Trustee to enter into the Settlement Agreement and approve the terms thereof. The Trustee also requests such further relief as the Court deems just and proper.

DATED: October 2, 2014

DIANE C. WEIL
Chapter 7 Trustee

[4] The first three *A & C Properties* factors do not apply.

**DECLARATION OF DIANE C. WEIL**

I, Diane C. Weil, declare and state as follows:

1. I am the duly appointed and acting Chapter 7 Trustee of the estate of Michael Romersa (the "Debtor").

2. I have personal knowledge of the facts in this declaration, except those matters that are stated upon information and belief, and as to such matters I could testify competently to these facts and matters.

3. On April 11, 2014 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition for relief. I was thereafter appointed as the chapter 7 trustee of the Debtor's estate, and I continue to serve in that capacity for the benefit of the estate and its creditors.

4. Assets of the Debtor's estate include the Debtor's residence, located at 22101 Cairnloch Street, Calabasas, California (the "Property"). I am informed and believe that title to the Property is held by the Debtor and his non-debtor spouse, as joint tenants.

5. I conducted the § 341(a) meeting of creditors in this case. At the § 341(a) hearing, the Debtor testified that he paid $1.1 million for the Property about five years ago, and based on sales of other properties in the neighborhood he believes the Property is worth about $1.3 million. The Debtor further testified that real estate values in the neighborhood "have gone crazy" and houses have been selling for over asking price.

6. I contacted a real estate agent who is frequently retained by chapter 7 trustees in this district and requested that he provide an opinion of value of the Property. Based on the information provided by him and other real estate agents with whom he consulted, the Property appears to have a value of $1.1 to $1.25 million. In light of the apparent value of the Property, I intend to retain a real estate broker to assist me in marketing and selling the Property free and clear of liens.

7. Rosen Saba, LLP ("Rosen Saba"), asserts that it has a judgment lien against the Property that is junior only to real property tax liens and a consensual lien in favor of Champion Mortgage Company. Rosen Saba asserts that, as of September 30, 2014, the amount owed under its judgment against the Debtor was $137,364.38.

8. Subject to Court approval, I have entered into a Settlement Agreement with Rosen Saba. A true and correct copy of the Settlement Agreement is attached as Exhibit "1" hereto.

9. In my business judgment, the proposed Settlement Agreement is in the best interests of the estate and its creditors. I believe that the settlement will facilitate a sale of the Property and ensure that the estate receives significant sale proceeds.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 2, 2014, at Encino, California.

Diane C. Weil

**REQUEST FOR JUDICIAL NOTICE**

Diane C. Weil, chapter 7 trustee (the "Trustee") for the estate of Michael Romersa (the "Debtor"), requests that the Court take judicial notice of the following:

1. On April 11, 2014 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition for relief.

2. Together with the petition, the Debtor filed, among other things, his Schedule A and Schedule C in this case. True and correct copies of the Debtor's Schedule A and Schedule C are attached as Exhibits "2" and "3" hereto, respectively.

3. According to the Debtor's Schedule A, on the Petition Date the Debtor had a joint tenancy interest in residential real property located at 22101 Cairnloch Street, Calabasas, California (the "Property").

4. On September 9, 2014, Champion Mortgage Company ("Champion") filed a motion for relief from the automatic stay with respect to the Property. According to Champion's motion, it has a lien against the Property junior only to real property tax liens. Also according to the motion, Champion's total claim as of September 30, 2014, was $456,555.65.

5. On May 16, 2014, Rosen Saba, LLP ("Rosen Saba") filed its proof of claim in the Debtor's case. A true and correct copy of the proof of claim is attached as Exhibit "4" hereto.

DATED: October 2, 2014

Diane C. Weil

DIANE C. WEIL
Chapter 7 Trustee

# EXHIBIT 1

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is made by and between Diane C. Weil, solely in her capacity as Chapter 7 Trustee ("Trustee") for the estate of Michael Dennis Romersa ("Debtor"), on the one hand, and Rosen Saba LLP ("RSLLP"), on the other hand. The Trustee and RSLLP are referred to collectively as the "Parties."

**RECITALS**

A. On April 5, 2012, a Judgment was entered in the Los Angeles Superior Court against the Debtor and in favor of RSLLP in the amount of $110,000. RSLLP asserts that, on May 22, 2012, RSLLP recorded an Abstract of Judgment on account of its judgment.

B. On April 11, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The case was filed in the San Fernando Valley Division of the Central District of California, case number 1:14-bk-11917-VK (the "Bankruptcy Case"). Diane C. Weil was appointed and is the duly acting Chapter 7 Trustee for the benefit of the Debtor's estate.

C. As of the Petition Date, the Debtor and his wife, Janice Romersa, held title to real property commonly known as 22101 Cairnloch St, Calabasas, California 91302 (the "Property") as joint tenants.

D. In his Schedule A, the Debtor listed the value of the Property as $1,080,000. However, based on their independent review and good faith estimates of value provided by real estate brokers, as well as representations made by the Debtor, the Parties believe that the value of the Property is in excess of $1,080,000.

E. According to the Debtor's Schedule D, the Property is encumbered by a first priority trust deed in the amount of $452,000, which is a reverse mortgage in favor of Champion Mortgage.

F. As of September 17, 2014, RSLLP's total claim secured by its abstract of judgment, including interest, was $136,972.60, with additional interest accruing at a rate of $30.137 per diem.

G. The Parties have reached this Agreement to allow for the sale of the Property pursuant to 11 U.S.C. § 363(f)(2)-(3).

**AGREEMENT**

1. <u>Recitals Acknowledged</u>. Each of the Parties acknowledges that, to the best of the Party's knowledge, each of the above recitals is true and correct in every material respect.

2.    Court Approval Required.  This Agreement is subject to the approval of the Bankruptcy Court in the Bankruptcy Case.  Within a reasonable time after execution of this Agreement by the Parties, the Trustee shall file a motion in the bankruptcy case, for an order approving this Agreement (the "Approval Order").  The date on which an Approval Order is entered by the Bankruptcy Court is referred to herein as the "Approval Date."

3.    Sale of the Property.  Within 30 days after the Approval Date, the Trustee shall file an application to employ a real estate broker to list the Property for sale.  Subject to Court approval, the Trustee shall sell the Property pursuant to 11 U.S.C. § 363 if she receives an offer for a sale of the Property consistent with the terms of this Agreement.

4.    Subordination of RSLLP's Judgment Lien.  Contingent on satisfaction of Paragraphs 5 and 6 hereof, RSLLP agrees to the subordination of its judgment lien solely for the benefit of the estate and solely to the extent necessary for the Trustee to recover $75,000 as a minimum net recovery from the sale of the Property.

5.    Minimum Payment of $100,000 to RSLLP.  Notwithstanding anything herein to the contrary, RSLLP's consent to a sale of the Property free and clear of its lien, and its consent to the subordination of its judgment lien, is conditioned on its receipt of a minimum of $100,000 from the proceeds of the sale of the Property.  RSLLP does not consent to a sale of the Property, and does not consent to subordination of its judgment lien, unless RSLLP receives at least $100,000 from the net sale proceeds.

6.    Distributions of Proceeds from Sale of Property.  The "net sale proceeds" are the sale proceeds remaining after payment of senior liens, Janice Romersa's joint tenancy interest (if applicable), the Debtor's homestead exemption and costs of sale.  The net sale proceeds of the sale of the Property shall be distributed as follows:

    a.    The Debtor's estate shall receive $75,000;

    b.    RSLLP shall receive $100,000;

    c.    RSLLP and the Trustee shall divide equally (50/50) all net sale proceeds thereafter until RSLLP's claim is paid in full; and

    d.    the estate shall receive all monies thereafter.

7.    Settling Parties.  The Parties acknowledge that the Trustee is a chapter 7 trustee appointed in the Bankruptcy Case.  The Parties further acknowledge and agree that the Trustee is entering into this Agreement and will perform the transaction contemplated hereby solely in her capacity as the chapter 7 trustee for the Debtor's estate, and not in a personal capacity, and no liability or obligations shall accrue to the Trustee personally as a result of this transaction.

8.    Further Assurances and Cooperation.  Each Party to this Agreement agrees to cooperate in a timely manner with the other Party to carry out the purpose and effect of this Agreement.

9. Jurisdiction; Applicable Law. The Bankruptcy Court presiding over the Bankruptcy Case shall have sole and exclusive jurisdiction to interpret and enforce the terms of this Agreement, and the Parties hereby consent and submit to such exclusive jurisdiction. This Agreement shall be interpreted and enforced pursuant to the laws of the United States of America, and where state law is required to be applied, California law shall apply.

10. Parties Bound. This Agreement is binding upon and shall inure to the benefit of the Parties hereto, and their respective attorneys, agents, heirs, administrators, predecessors, successors and assigns.

11. Integration. This Agreement constitutes the entire agreement between the Parties pertaining to the subject matter hereof and supersedes all prior and contemporaneous agreements and other writings between the Parties. No supplement, modification, waiver or termination of this Agreement shall be binding unless executed in writing by the Parties to be bound thereby.

12. Attorneys' Fees and Expenses. Each Party shall bear her, his or its own attorneys' fees, expenses and costs incurred in connection with this Agreement and the transaction contemplated hereby. Notwithstanding, should legal action be necessary to enforce or interpret the terms of this Agreement, the party declared to be the prevailing party in such proceeding(s) shall be entitled to recover from the non-prevailing party her/his/its reasonable attorneys' fees and costs incurred in enforcing or interpreting this Agreement.

13. Execution. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**AGREED:**

DATED: October 1, 2014

Diane C. Weil, as Chapter 7 Trustee

**AGREED:**

DATED: October 1, 2014

ROSEN SABA, LLP

Ryan Saba, its Authorized Representative

1226753.2 26183

# EXHIBIT 2

B6A (Official Form 6A) (12/07)

In re **Michael Dennis Romersa**, Debtor Case No. ______

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single family residence Location: 22101 Cairnloch St., Calabasas CA 91302** | **50% Joint Tenancy with spouse (Acquired by debtor and spouse on 6/5/2009)** | **J** | **1,080,000.00** | **452,000.00** |

Sub-Total > **1,080,000.00** (Total of this page)

Total > **1,080,000.00**

(Report also on Summary of Schedules)

**0** continuation sheets attached to the Schedule of Real Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com Best Case Bankruptcy

# EXHIBIT 3

B6C (Official Form 6C) (4/13)

In re **Michael Dennis Romersa**, Debtor

Case No.

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

■ Check if debtor claims a homestead exemption that exceeds $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| Single family residence<br>Location: 22101 Cairnloch St., Calabasas CA 91302 | C.C.P. § 704.730 | 175,000.00 | 1,080,000.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Checking Account<br>Location: Bank of America | C.C.P. § 704.080 | 1,500.00 | 1,500.00 |
| **Household Goods and Furnishings** | | | |
| Household Goods and Furnishings<br>Location: in debtor's possession | C.C.P. § 704.020 | 5,000.00 | 5,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| Miscellaneous books, arts, and collectibles<br>Location: in debtor's possession | C.C.P. § 704.040 | 1,000.00 | 1,000.00 |
| **Wearing Apparel** | | | |
| Wearing Apparel<br>Location: in debtor's possession | C.C.P. § 704.020 | 200.00 | 200.00 |
| **Furs and Jewelry** | | | |
| Furs and jewelry: miscellaneous jewelry<br>Location: in debtor's possession | C.C.P. § 704.040 | 1,000.00 | 1,000.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| Automobile: 2010 Mercedes GLK 350 (50% interest with wife Janice Romersa; previously leased, and subsequently purchased from the lessor by the debtor jointly with his spouse upon expiration of the lease in 2013)<br>Location: in debtor's possession | C.C.P. § 704.010 | 2,900.00 | 24,000.00 |
| | Total: | 186,600.00 | 1,112,700.00 |

**0** continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com Best Case Bankruptcy

# EXHIBIT 4

B10 (Official Form 10) (04/13)

UNITED STATES BANKRUPTCY COURT Central District of California

**PROOF OF CLAIM**

Name of Debtor: MICHAEL DENNIS ROMERSA

Case Number: 1:14-bk-11917-VK

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Rosen Saba, LLP

COURT USE ONLY

Name and address where notices should be sent:
Rosen Saba, LLP
468 N. Camden Drive
Beverly, Hills, California 90210

Telephone number: (310) 285-1727 email: jrosen@rosensaba.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:____________
(*If known*)

Filed on:____________________

Name and address where payment should be sent (if different from above):

Telephone number: email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 132,994.52

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Judgment and Abstract of Judgment
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:** unsecured, incorrectly (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $____________

**Nature of property or right of setoff:** ☑ Real Estate ☐ Motor Vehicle ☑ Other
**Describe:** Recorded in Los Angeles County on 5/22/12; (b) Los Angeles Superior Court Judgment entered on 4/5/12

**Basis for perfection:** (a) Abstract of Judgment

**Value of Property:** $____________

**Amount of Secured Claim:** $ 132,994.52

**Annual Interest Rate** 10.000% ☑ Fixed or ☐ Variable
**(when case was filed)**

**Amount Unsecured:** $____________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:** $____________

**Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor. ☐ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: James R. Rosen
Title: Partner
Company: Rosen Saba, LLP
Address and telephone number (if different from notice address above):

(Signature) 5/15/14 (Date)

Telephone number: email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

ATTACHMENT "A"



ORIGINAL

RECEIVED
JAN 09 2012
SUPERIOR COURT
WEST DISTRICT

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court
APR 05 2012
John A. Clarke, Executive Officer/Clerk
By R. Miklos, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES - WEST DISTRICT**

| | |
|---|---|
| ROSEN SABA, LLP,<br>Plaintiff,<br>vs.<br>MICHAEL ROMERSA; REACTOR FILMS, INC.; and DOES 1 through 10, inclusive,<br>Defendants. | Case No.: SC108916<br>*Honorable Gerald Rosenberg*<br><br>**~~[PROPOSED]~~ JUDGMENT**<br><br>Complaint Filed: July 26, 2010<br>Department: "K" |

///

///

///

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

WHEREAS, on February 22, 2011, Plaintiff, Rosen Saba, LLP and Defendant Michael Romersa of the above-entitled action entered into a Joint Stipulation of Parties for Entry of Judgment Against Defendant Michael Romersa (hereinafter, the "Stipulation").

WHEREAS, a true and correct copy of the Stipulation, as executed by the parties, is attached hereto as **Exhibit "A."**

WHEREAS, on February 22, 2011, pursuant to California Code of Civil Procedure Section 664.6, Plaintiff Rosen Saba, LLP and Defendant Michael Romersa orally entered into the record, in open court, the material terms of the Stipulation and mutually agreed that this Court retain jurisdiction over the parties to enforce the terms of the Stipulation until performance under the Stipulation was completed.

WHEREAS, a material term of the Stipulation was that Defendant Michael Romersa agree that Judgment be entered on or after January 1, 2012, in favor of Rosen Saba, LLP and against Michael Romersa in the amount of One Hundred Ten Thousand Dollars ($110,000), plus an award of post-judgment interest accruing at the legal rate pursuant to California *Civil Code* §3289(b).

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED:**

Judgment is entered in favor of Rosen Saba, LLP and against Michael Romersa in the amount of One Hundred Ten Thousand Dollars ($110,000), plus an award of post-judgment interest accruing at the legal rate pursuant to California *Civil Code* §3289(b) from the date this judgment is signed until the judgment is fully paid.

DATED: APR 05 ~~2013~~ 2012

Gerald Rosenberg
JUDGE OF THE SUPERIOR COURT
JUDGE GERALD ROSENBERG

# EXHIBIT "A"

Case 1:14-bk-11917-VK Claim 4-1 Filed 10/02/14 Desc Main Document Page 28 of 36

ROSEN ✧ SABA, LLP
RYAN D. SABA, ESQ. (State Bar No. 192370)
JOEL L. BENAVIDES, ESQ. (State Bar No. 261178)
468 North Camden Drive, Third Floor
Beverly Hills, California 90210
Telephone: (310) 285-1727
Facsimile: (310) 285-1728

Attorneys for Plaintiff,
ROSEN SABA, LLP

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES - WEST DISTRICT**

| | |
|---|---|
| ROSEN SABA, LLP,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ROMERSA; REACTOR FILMS, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: SC108916<br>*Honorable Joseph S. Biderman*<br><br>**JOINT STIPULATION OF PARTIES FOR ENTRY OF JUDGMENT AGAINST DEFENDANT MICHAEL ROMERSA**<br><br>Complaint Filed: July 26, 2010 |

///

///

///

1

JOINT STIPULATION OF PARTIES FOR ENTRY OF JUDGMENT AGAINST DEFENDANT MICHAEL ROMERSA

ROSEN ✧ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

0028

Case 1:14-bk-11917-VK Doc 11 Filed 10/02/14 Entered 10/02/14 16:30:39 Desc Main Document Page 9 of 14

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

Plaintiff ROSEN SABA, LLP (hereinafter referred to as "Plaintiff"), and Defendant MICHAEL ROMERSA (hereinafter referred to as "Romersa"), herein agree as follows:

WHEREAS, on or about January 22, 2006, Defendant Romersa entered into a "Retainer and Fee Agreement" contract with Plaintiff's predecessor in interest, the Law Offices of James R. Rosen, P.C. for legal representation in connection with a lawsuit entitled *Dave Hawk, et al. v. Payday California, Inc., Stoney Road Productions, et al.*, Los Angeles County Superior Court Case Number BC319195 (hereinafter referred to as the "Hawk Litigation");

WHEREAS, Plaintiff provided legal services and advanced costs for Defendant Romersa as agreed in the "Retainer and Fee Agreement" in connection with the Hawk Litigation and provided Romersa with detailed invoices identifying the specific services and costs incurred by Romersa in connection with his representation in the Hawk Litigation;

WHEREAS, on or about May 2, 2006, Defendant Romersa and Plaintiff entered into a second "Retainer and Fee Agreement" for representation of Romersa in connection with a lawsuit entitled *George Futrell v. Payday California, Inc., et al.*, Los Angeles County Superior Court Case Number BC347262 (hereinafter referred to as the "Futrell Litigation");

WHEREAS, Plaintiff provided legal services and advanced costs for Defendant Romersa as agreed in the "Retainer and Fee Agreement" in connection with the Futrell Litigation and provided Romersa with detailed invoices identifying the specific services and costs incurred by Romersa in connection with his representation in the Futrell Litigation;

WHEREAS, on December 3, 2007, Plaintiff delivered its final invoice in the Hawk Litigation to Romersa in the amount of $69,872.46. Since that time, Romersa paid $5,000.00 towards the final invoice in the Hawk Litigation on January 22, 2008;

WHEREAS, on January 31, 2008, Plaintiff delivered its final invoice in the Futrell Litigation to Romersa in the amount of $94,760.67. Since that time, Romersa paid $2,500.00 towards the final invoice in the Futrell Litigation on August 27, 2009;

///

ROSEN ◊ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

WHEREAS, Defendant Romersa's failure to substantially pay his legal invoices resulted in a fee dispute between Plaintiff and Defendant Romersa;

WHEREAS, as a result of the fee dispute, Plaintiff initiated the instant lawsuit on July 26, 2010, seeking recovery from Romersa for unpaid invoices for representation in the Hawk Litigation and Futrell Litigation;

WHEREAS, on October 21, 2010, Defendant Romersa filed his Answer to the Complaint and admitted all material allegations therein; and

WHEREAS, the parties now wish to amicably resolve this dispute, to avoid incurring further legal costs and the need for judicial intervention, by stipulating to entry of judgment in favor of Plaintiff and against Defendant Romersa. on or after 1-1-12

**Now, therefore, the parties stipulate that Judgment will be entered in favor of Rosen Saba, LLP and against Michael Romersa in the amount of One Hundred Ten Thousand DOLLARS ($110,000), plus an award of post-judgment interest at the legal rate of interest pursuant to California *Civil Code* §3289(b).**

**IT IS SO STIPULATED.**

DATED: February 22, 2011

ROSEN ✧ SABA, LLP

By: [signature]
RYAN D. SABA, ESQ.
JOEL L. BENAVIDES, ESQ.
on behalf of ROSEN SABA, LLP

DATED: February 22, 2011

By: [signature]
Defendant MICHAEL ROMERSA

ROSEN ✧ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

**PROOF OF SERVICE**

**STATE OF CALIFORNIA** )
) ss
**COUNTY OF LOS ANGELES** )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 468 North Camden Drive, Third Floor, Beverly Hills, California 90210.

On **January 6, 2012,** I served the foregoing document described as: **[PROPOSED] JUDGMENT,** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes by certified mail, return receipt requested and addressed as follows:

| Ashley D. Posner, Esq.<br>Law Offices of Ashley D. Posner<br>15303 Ventura Boulevard, Suite 900<br>Sherman Oaks, California 91403 | Attorneys for Defendant Michael Romersa:<br><br>Telephone: 310.475.8520<br>Facsimile: 310.474.1901 |
|---|---|

[√] By Mail -

[√] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[√] STATE I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 6, 2012,** at Beverly Hills, California.

Jennifer Carver

ROSEN ◆ SABA, LLP
468 North Camden Drive, 3rd Floor
Beverly Hills, California 90210

Case 1:14-bk-11917-VK Doc 41 Filed 10/21/14 Entered 10/21/14 16:30:39 Desc Main Document Page 12 of 14

ATTACHMENT "B"

Case 1:14-bk-11917-VK Claim 41-1 Filed 10/21/14 Entered 10/02/14 16:30:39 Desc Main Document Page 33 of 36

ORIGINAL

EJ-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, State Bar number, and telephone number):
Recording requested by and return to:
Ryan D. Saba (Bar # 192370)
Rosen Saba
468 N. Camden Drive
Beverly Hills, CA 90210
(310) 285-1727 FAX NO.: (310) 285-1728
[X] ATTORNEY FOR [X] JUDGMENT CREDITOR [ ] ASSIGNEE OF RECORD

COPY of Document Recorded
05/22/2012
*20120761213*
original. ... ted. ... RECORDER

FOR RECORDER'S USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1725 Main St.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica, 90401
BRANCH NAME: West District

PLAINTIFF: Rosen Saba, LLP
DEFENDANT: Michael Romersa

CASE NUMBER: SC108916

FOR COURT USE ONLY

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS** [ ] Amended

1. The [X] judgment creditor [ ] assignee of record applies for an abstract of judgment and represents the following:
 a. Judgment debtor's
 Name and last known address
 Michael Romersa
 22101 Cairnloch St.
 Calabasas, CA 91302
 b. Driver's license no. [last 4 digits] and state: [X] Unknown
 c. Social security no. [last 4 digits]: [X] Unknown
 d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address): Michael Romersa, 22101 Cairnloch St., Calabasas, CA 91302

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
 Rosen Saba, LLP
 468 N. Camden Drive, Third Floor, Beverly Hills, CA 90210
4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
 a. Date:
 b. Instrument No.:

Date: 4-26-12

Ryan D. Saba
(TYPE OR PRINT NAME)

(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed: $ 110,000
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): April 5, 2012
 b. Renewal entered on (date):
9. [ ] This judgment is an installment judgment.
10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
 a. Amount: $
 b. In favor of (name and address):
11. A stay of enforcement has
 a. [X] not been ordered by the court.
 b. [ ] been ordered by the court effective until (date):
12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
 b. [X] A certified copy of the judgment is attached.

[SEAL] SUPERIOR COURT LOS ANGELES COUNTY

JOHN A. CLARKE, CLERK

This abstract issued on (date): MAY 1 4 2012

Clerk, by D. Geter, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

LexisNexis® Automated California Judicial Council Forms

0033

| PLAINTIFF: Rosen Saba, LLP | CASE NUMBER: |
|---|---|
| DEFENDANT: Michael Romersa | SC108916 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

17. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

18. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

19. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

Main Document Page 35 of 36

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1900 Avenue of the Stars, 11th Floor, Los Angeles, CA 90067-4402.

A true and correct copy of the foregoing document entitled (*specify*): MOTION FOR APPROVAL OF SETTLEMENT BETWEEN CHAPTER 7 TRUSTEE AND ROSEN SABA, LLP; AND MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF DIANE C. WEIL, AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 2, 2014 ,I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On October 2, 2014 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 2, 2014 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Personal Delivery (Alissi) – to be delivered 10/3/14.
The Honorable Victoria S. Kaufman
U.S. Bankruptcy Court
Bin on 1st Floor outside entry to Clerk's Office
21041 Burbank Blvd.
Woodland Hills, CA 91367-6606

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 2, 2014 | Patricia Morris | */s/Patricia Morris* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**
0035

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

David E Ahdoot on behalf of Interested Party Interested Party
dahdoot@bushgottlieb.com, rsanthon@bushgottlieb.com

Bradley E Brook on behalf of Interested Party Interested Party
bbrook@bbrooklaw.com,
paulo@bbrooklaw.com;brookecfmail@gmail.com

Bryan S Fairman on behalf of Interested Party Courtesy NEF
ecfcacb@piteduncan.com, BSF@ecf.inforuptcy.com

Arnold L Graff on behalf of Creditor Champion Mortgage Company
ecfcacb@piteduncan.com

James Hogan on behalf of Creditor AmeriCredit Financial Services, Inc. dba GM Financial
customer.service.bk@americredit.com

James Hogan on behalf of Interested Party AmeriCredit Financial Services, Inc. dba GM Financial
customer.service.bk@americredit.com

David M Reeder on behalf of Debtor Michael Dennis Romersa
david@reederlaw.com, jessica@reederlaw.com

Zev Shechtman on behalf of Creditor Rosen Saba LLP
zshechtman@dgdk.com,
danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

Zev Shechtman on behalf of Interested Party Interested Party
zshechtman@dgdk.com,
danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

John N Tedford on behalf of Interested Party Interested Party
jtedford@dgdk.com,
DanningGill@gmail.com;jtedford@ecf.inforuptcy.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Diane Weil (TR)
dcw@dcweillaw.com, dweil@ecf.epiqsystems.com

Jason Wojciechowski on behalf of Interested Party Interested Party
jasonw@bushgottlieb.com

## 2. SERVED BY U.S. MAIL

Debtor
Michael Dennis Romersa
22101 Cairnloch St.
Calabasas, CA 91302-5887

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

0036